UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br><br>    v.<br><br>Assorted Jewelry, VL: $39,100.00,<br><br><br>                              Defendant. | Civil Action No.: 1:23-CV-1435 (AMN/CFH) |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America (the "plaintiff") brings this verified complaint for forfeiture *in rem* against the above-captioned property (the "Defendant Jewelry") and alleges as follows:

**NATURE OF THE ACTION**

This is an action *in rem* brought pursuant to 21 U.S.C. § 881(a)(6) and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. Forfeiture is sought of the Defendant Jewelry as the proceeds of offenses in violation of 21 U.S.C. § 841. 21 U.S.C. § 881(a)(6) provides for the forfeiture of the following:

> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this title.

21 U.S.C.S. § 881(a)(6).

**THE PARTIES**

1.     The plaintiff is the United States of America.

2. The Defendant Jewelry consists of assorted pieces of jewelry, with a collective appraised value of $39,100.00.  The individual pieces of jewelry are more precisely described below:

    i)    one 14 karat two tone pavé Diamond Pendant with "518 Bag Boys," with an appraised value of $15,000.00;

    ii)    one 14 karat yellow gold diamond cluster ring, with an appraised value of $3,500.00;

    iii)    one pair of 14 karat yellow gold diamond cluster earrings, with an appraised value of $2,500.00;

    iv)    one 14 karat yellow gold 20" rope chain, with an appraised value of $3,100.00; and,

    v)    one GTS Rolex Datejust men's watch with a mother of pearl face and an aftermarket diamond dial, bezel, and band, serial number G179816, with an appraised value of $15,000.00.

3. The Defendant Jewelry is presently in the custody of the United States of America.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1345 and 1355.  Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345.  Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress."  28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the Defendant Jewelry and venue is properly situated in this district pursuant to Title 28, United States Code, Section 1355(b), which provides that a forfeiture action or proceeding "may be brought in…the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred."  28 U.S.C. § 1355(b)(1)(A).

6.      Venue is also properly situated in this district pursuant to Title 28, United States Code, Section 1395(b), which provides that "[a] civil proceeding for forfeiture of property may be prosecuted in any district where such property is found."  28 U.S.C. § 1395(b).

## FACTS

7.      Starting in or about May of 2022, the Drug Enforcement Administration ("DEA"), in conjunction with various other federal and local law enforcement agencies, began an investigation into a drug trafficking organization ("DTO") selling cocaine and pills containing fentanyl in the Capital Region of New York State.

8.      As part of the investigation, agents conducted surveillance on a suspected stash house for the DTO located in a second-floor apartment at 1434 Western Avenue in the Town of Guilderland, New York ("stash apartment").

9.      Law enforcement set-up pole cameras in the area surrounding the stash apartment and arranged controlled buys.

10.     As a result of the surveillance, agents were able to identify various individuals associated with the DTO, including Jabree Jones ("Jones").

11.     Jones, considered a key player in the DTO, was observed accessing the stash apartment on multiple occasions. Agents also conducted controlled buys into Jones, where Jones sold counterfeit pills and cocaine. The pills tested positive for fentanyl.

12.     The stash apartment was used and shared by various co-conspirators involved in the DTO.

13.     On May 23, 2023, members of the DEA, the Glenville Police Department, the Schenectady County Sheriff's Department, and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), accompanied and assisted the United States Probation Office ("Probation")

as Probation conducted a home contact and search of Jones at his residence located at 211 Sacandaga Road Apartment 8204, Glenville, New York, ("the Jones Residence").

14. Jones, his girlfriend Amirah Barros, and two children were present inside the Jones Residence at the time that law enforcement arrived with Probation.

15. Once it was deemed safe, law enforcement conducted a search of the Jones Residence.

16. Probation officers found and seized $50,000.00 in U.S. Currency from the closet of a child's bedroom. *See* Attachment A, Photograph of the U.S. Currency.

17. The Defendant Jewelry was found on a dresser and taken into federal custody. *See* Attachment B, Photograph of the Defendant Jewelry.

18. Probation also found a set of keys in the Jones Residence believed to be used to access the stash apartment.

19. Later that day, Probation arrived at the stash apartment. The keys found in the Jones Residence unlocked and locked the doors of the stash apartment.

20. While agents executed the search warrant at the stash apartment, they discovered a black safe in the corner of the living room.

21. The following items were found inside of the safe: (1) approximately 737.50 grams of cocaine, a chunk of which was located on a plate and the remaining inside two clear plastic baggies; (2) approximately 3,729 counterfeit oxycodone pills, positively identified as fentanyl; (3) a glassine bag consisting of approximately 3.793 grams of identified fentanyl; (4) several bags containing 23,907 tablets, positively identified as methamphetamine; (5) twenty-eight firearms; and (6) ammunition. *See* Attachment C, Photograph of drugs and firearms found inside of the safe.

22. Jones reported to Probation that he was employed at NY Sportswear in Schenectady, New York. However, agents never once saw Jones at this location during their surveillance of him. Additionally, pay stubs provided by Jones to Probation appear to be counterfeit. During the execution of a federal search warrant on Jones' phones, agents found communications between Jones and another individual regarding how to acquire counterfeit pay stubs. In view of the foregoing, agents determined that Jones had no legitimate source of income.

23. Jones has a prior federal conviction in Criminal Case No. 1:12-cr-00153, *United States v. Blanchard, et al.* for Conspiracy to Violate the Racketeering Influenced and Corrupt Organizations (RICO) Act in violation of 18 U.S.C. § 1962(d). Jones also has prior felony convictions in New York State for criminal possession of a controlled substance with the intent to sell in the third degree, and criminal possession of a weapon in the second degree.

## CONCLUSION

24. The facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, the plaintiff, the United States of America, respectfully requests that the Court:

(1) Issue a Warrant of Arrest *in Rem*, in the form submitted with this Complaint;

(2) Direct any person having any claim to the Defendant Jewelry to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G;

(3) Enter judgment declaring the Defendant Jewelry to be forfeited and condemned to the use and benefit of the United States; and

(4) Award such other and further relief to the United States as it deems proper and just.

Dated: November 15, 2023　　　　　　　　　CARLA B. FREEDMAN
　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　By:　*/s/ Elizabeth A. Conger*
　　　　　　　　　　　　　　　Elizabeth A. Conger
　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　Bar Roll No. 520872

## VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF ALBANY )

Nicholas Gorton, being duly sworn, deposes and states:

I am a Special Agent with the United States Drug Enforcement Administration (DEA). I have read the foregoing Complaint for Forfeiture *in Rem* and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this 15 day of November, 2023.

_____
Nicholas Gorton, Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this  15 day of November, 2023.

_____
Notary Public



**Attachment A**



**Attachment B**



**Attachment C**



